RECEIPT NUMBER

526242

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**CHRISTOPHER R. TAYLOR,**

    **Plaintiff,**

Vs.

**CITY OF INKSTER, a Municipal Corporation,
OFFICER ANTHONY ABDALLAH Badge #749,
And ALTERNATIVE SERVICE CONCEPTS, L.L.C.,
Jointly and Severally,**

    **Defendants.**

```
JUDGE : Edmunds, Nancy G.
DECK  : S. Division Civil Deck
DATE  : 05/24/2005 @ 13:20:12
CASE NUMBER : 2:05CV72060
REM TAYLOR V. CITY OF INKSTER
(KC)
```

**Wayne County Circuit Court
Case No: 05-511240-NF
Honorable Susan D. Borman**

MAGISTRATE JUDGE CAPEL

_____/

TERRY L. COCHRAN (P35890)
Attorney for Plaintiff
15510 Farmington Road
Livonia, MI 48154
(734) 425-2400

MICHAEL D. CROW (P 51538)
Attorney for Defendants City of Inkster and
Alternative Service Concepts, L.L.C. Only
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

_____/

## _NOTICE OF FILING OF REMOVAL_

To:    Clerk of the Court               Terry L. Cochran, Esq.
        Wayne County Circuit Court      Attorney for Plaintiff
        Two Woodward Avenue         15510 Farmington Road
        Detroit, MI 48226             Livonia, MI 48154

**NOTICE IS HEREBY GIVEN** that this 24th day of May, 2005, Defendants,

CITY OF INKSTER and ALTERNATIVE SERVICE CONCEPTS, L.L.C., have filed their

Petition for Removal, copies of which are attached hereto, in the Offices of the Clerk of the United States District Court, Eastern District of Michigan, Southern Division, at 231 E. Lafayette Blvd., Detroit, Michigan.

SECREST WARDLE

BY: _____

MICHAEL D. CROW (P 51538)
Attorney for Defendants City of Inkster and
Alternative Service Concepts, L.L.C. Only
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

Dated: May 24, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHRISTOPHER R. TAYLOR,**

    **Plaintiff,**

Vs.

**CITY OF INKSTER, a Municipal Corporation,
OFFICER ANTHONY ABDALLAH Badge #749,
And ALTERNATIVE SERVICE CONCEPTS, L.L.C.,
Jointly and Severally,**

    **Defendants.**

JUDGE : Edmunds, Nancy G.
DECK  : S. Division Civil Deck
DATE  : 05/24/2005 @ 13:20:12
CASE NUMBER : 2:05CV72060
REM TAYLOR V. CITY OF INKSTER
(KC)

**Wayne County Circuit Court
Case No: 05-511240-NF
Honorable Susan D. Borman**

MAGISTRATE JUDGE O'NEILL

_____/

TERRY L. COCHRAN (P35890)
Attorney for Plaintiff
15510 Farmington Road
Livonia, MI 48154
(734) 425-2400

MICHAEL D. CROW (P 51538)
Attorney for Defendants City of Inkster and
Alternative Service Concepts, L.L.C. Only
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

_____/

## *PETITION FOR REMOVAL*

    **NOW COMES** Defendants, CITY OF INKSTER and ALTERNATIVE SERVICE

CONCEPTS, L.L.C., by and through their attorneys, SECREST WARDLE, and hereby petitions

this Court pursuant to Title 28, U.S.C.A. §1441, §1443 and §1446 for removal of the above

entitled cause to the United States District Court for the Eastern District of Michigan, Southern

Division, for the following reasons:

1.     On or about April 15, 2005, Plaintiff, CHRISTOPHER R. TAYLOR, filed a cause of action against Defendants, in the Wayne County Circuit Court and said cause of action was assigned case number 05-511240-NF.

2.     Summons was issued against the Defendants on or about April 15, 2005, a photocopy of the Summons and the Complaint served upon the Defendants are attached hereto. Service was affected upon Defendants, CITY OF INKSTER and ALTERNATIVE SERVICE CONCEPTS, L.L.C., on May 3, 2005.

3.     That the U.S. District Court, Eastern District of Michigan, Southern Division, has original jurisdiction of this civil action under the provisions of Title 28, United States Code, §1331, and this civil action may be removed to this Court by the Defendants pursuant to the provisions of Title 28, United States Code, §1441, §1443 and §1446 in that the Plaintiff has alleged in her Complaint that the Defendants violated Plaintiff's civil rights contrary to Title 42, United States Code, §1983 and have further violated decedent's federal constitutional rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

4.     That the time for the filing of this Notice of Removal has not expired and has been made timely pursuant to Title 28, United States Code, §1446.

5.     That written notice of the filing of this Removal has been given to all parties as required by law and the Wayne County Circuit Court.

6.     That a copy of this Removal has also been filed with the Clerk of the Court for the Circuit Court for the County of Wayne, State of Michigan.

7.     That attached hereto and incorporated by reference is a true and accurate copy of all process and pleadings, which have been served upon Defendants.

WHEREFORE, Defendants and Petitioners, CITY OF INKSTER and ALTERNATIVE SERVICE CONCEPTS, L.L.C., respectfully requests that it may effect

2

removal of the within action from the Circuit Court for the County of Wayne, State of Michigan,

to the United States District Court for the Eastern District of Michigan, Southern Division.

SECREST WARDLE

BY: _____

MICHAEL D. CROW (P 51538)
Attorney for Defendants City of Inkster and
Alternative Service Concepts, L.L.C. Only
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

Dated: May 24, 2005

3

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CHRISTOPHER R. TAYLOR,**

     **Plaintiff,**

Case No. CV-_____

**Vs.**

Hon. _____

         **Wayne County Circuit Court**
         **Case No:  05-511240-NF**
         **Honorable Susan D. Borman**

**CITY OF INKSTER, a Municipal Corporation,**
**OFFICER ANTHONY ABDALLAH Badge #749,**
**And ALTERNATIVE SERVICE CONCEPTS, L.L.C.,**
**Jointly and Severally,**

     **Defendants.**

_____/

TERRY L. COCHRAN (P35890)
Attorney for Plaintiff
15510 Farmington Road
Livonia, MI 48154
(734) 425-2400

MICHAEL D. CROW (P 51538)
Attorney for Defendants City of Inkster and
Alternative Service Concepts, L.L.C. Only
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

_____/

### _AFFIDAVIT OF FILING NOTICE OF REMOVAL IN STATE COURT_

STATE OF MICHIGAN    }
                     }
COUNTY OF OAKLAND   }

     MICHAEL D. CROW, being duly sworn, deposes and states:

     1.     That I am an attorney with the law firm of SECREST WARDLE, and that

such firm has been retained as counsel for the Defendants, CITY OF INKSTER and

ALTERNATIVE SERVICE CONCEPTS, L.L.C., in this matter.

2. That I am in principal charge of the above-entitled cause and that the contents of this Notice are true and accurate to the best of my knowledge, information and belief.

3. That I have been authorized and empowered by the Defendants, CITY OF INKSTER and ALTERNATIVE SERVICE CONCEPTS, L.L.C., to act on their behalf in the filing of this Notice.

4. That on the 24th day of May, 2005, I caused to be filed with the Clerk of the Wayne County Circuit Court a copy of the Petitioners' Notice for Removal, together with copies of the original Summons and Complaint and all pleadings in this action, by leaving said copies with the Clerk of the Wayne County Circuit Court at the City-County Building, Two Woodward Avenue, Detroit, Michigan.

SECREST WARDLE

BY: _____
MICHAEL D. CROW (P 51538)
Attorney for Defendants City of Inkster and
Alternative Service Concepts, L.L.C. Only
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

Dated: May 24, 2005

Subscribed and sworn to before me this
24th day of May, 2005.

_____
Gayle B. Placinto, Notary Public
Macomb County, Michigan acting in Oakland County
My Commission Expires: 2-06-09

2

| STATE OF MICHIGAN THIRD CIRCUIT COURT  | SUMMONS AND RETURN OF SERVICE | CASE NO. | 05-511240 NF |
|---|---|---|---|

COURT
ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT
TELEPHONE NO. (313) 224- 5243

THIS CASE ASSIGNED TO JUDGE: SUSAN D BORMAN            Bar Number: 11016

| PLAINTIFF | DEFENDANT |
|---|---|

TAYLOR CHRISTOPHER R       PL 01   VS   INKSTER CITY OF             DF 002

**PLAINTIFF'S ATTORNEY**

TERRY L. COCHRAN
(P-35890)
15510 FARMINGTON RD
LIVONIA, MI  48154-2852
734-425-2400

| CASE FILING FEE | | JURY FEE | |
|---|---|---|---|
| PAID | | PAID | |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** | |
| 04/15/05 | 07/15/05 | DESIREE CANTY | |

*This summons is invalid unless served on or before its expiration date.        Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action  ☐ remains  ☐ is no longer  pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_____        _____
Date                            Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHRISTOPHER R. TAYLOR,

        Plaintiff,

vs.

Case No: 05-    -NF
Hon.

CITY OF INKSTER, a Municipal
Corporation, OFFICER ANTHONY
ABDALLAH Badge #749, And ALTERNATIVE
SERVICE CONCEPTS, L.L.C., Jointly and Severally,

        Defendants.

_____/

COCHRAN FOLEY AND ASSOCIATES, P.C.
BY: TERRY L. COCHRAN, P35890
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan 48154
(734) 425-2400

_____/



> There is no other civil action between these parties arising out
> of the same transaction or occurrence as alleged in this
> Complaint, pending in this Court, nor has any such action been
> previously filed and dismissed or transferred after having been
> assigned to a Judge, nor do I know of any other civil action, not
> between these parties, arising out of the same transaction or
> occurrence as alleged in this Complaint that is either pending or
> was previously filed and dismissed, transferred, or otherwise
> disposed of after having been assigned to a Judge in this Court.
> (See MCR 2.113)

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, CHRISTOPHER TAYLOR, by and through his attorneys,

COCHRAN, FOLEY & ASSOCIATES, P.C., and for his Complaint and Jury Demand against

Defendants, states as follows:

1

## JURISDICTION AND PARTIES

1. Plaintiff, CHRISTOPHER TAYLOR, (hereinafter Plaintiff) is a resident of the City of Inkster, County of Wayne and State of Michigan.

2. Defendant, ANTHONY ABDALLAH Badge #749 was, at the time of the incident and at all times relevant to this action, employed as a law enforcement officer under the supervision and control of the City of Inkster, and engaged in his duties as a law enforcement officer in the area of Wayne County, State of Michigan.

3. At all times relevant to this action, Defendant, CITY OF INKSTER, was and still is a municipal corporation, duly organized, existing and carrying on governmental functions under and by virtue of the laws of the State of Michigan.

4. Defendant, ALTERNATIVE SERVICE CONCEPTS, L.L.C., is a Delaware Corporation and is authorized to write insurance policies in the State of Michigan.

5. The amount in controversy exceeds Twenty-five Thousand Dollars ($25,000), exclusive of costs, interest and attorney fees.

## FACTS

6. On or about September 5, 2004, Plaintiff, CHRISTOPHER TAYLOR, was sitting outside of a store in the City of Inkster, County of Wayne.

7. On that date and time, law enforcement officers from the City of Inkster Police Department approached the Plaintiff allegedly to question him regarding a crime they were investigating.

8. Fearing that he was going to be arrested for failing to pay a fine, Plaintiff ran on foot away from the law enforcement officers of the City of Inkster Police Department.

9. At or around that time, the law enforcement officers from the City of Inkster

2

MAY 06 '05 14:59 FR WILLIS - NOVI      248 735 7587 TO 912488512158      P.06

Police Department pursued the Plaintiff on foot and called for assistance.

10.    After hearing the call from the other officers, Defendant ANTHONY ABDALLAH Badge #749 began pursuing the Plaintiff in his police car.

11.    During the course of the pursuit, Defendant ANTHONY ABDALLAH used excessive and unnecessary deadly force in attempting to apprehend Plaintiff by intentionally and wrongfully driving his police car into the Plaintiff causing the car to violently strike the Plaintiff.

## COUNT I: ASSAULT AND BATTERY

12.    Plaintiff hereby realleges and incorporates paragraphs 1 through 11 above.

13.    Defendant, ANTHONY ABDALLAH, did willfully and intentionally cause Plaintiff to be in fear of imminent peril by his actions of chasing Plaintiff with the police car.

14.    The threat to Plaintiff CHRISTOPHER TAYLOR was made under circumstances that created in him a well-founded fear of imminent peril.

15.    Defendant ANTHONY ABDALLAH had the apparent ability to carry out the act if not prevented.

16.    Defendant ANTHONY ABDALLAH did willfully and intentionally cause a harmful and/or offensive touching of Plaintiff's person by using excessive and unnecessary deadly force in striking Plaintiff with the police car while attempting to apprehend him.

17.    Defendant, CITY OF INKSTER is vicariously liable for the actions or inactions of its employees including Defendant ANTHONY ABDALLAH.

18.    As a direct and proximate result of Defendant ANTHONY ABDALLAH's assault and battery against Plaintiff CHRISTOPHER TAYLOR, Plaintiff CHRISTOPHER TAYLOR suffered injuries and damages, past, present and future, including the following:

    a.    Right bimalleolar ankle fracture;
    b.    Displaced right medial malleolus fracture
    c.    Surgical intervention to repair his fractures including

3

open reduction and internal fixation;
d. Injury to right knee;
e. Injury to face;
f. Injury to his muscles, ligaments, tendons and tissues;
g. Excess wage loss and loss of earning capacity;
h. Pain, suffering, and emotional distress;
i. Other injuries and damages and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

19. As a further direct and proximate result of the aforementioned intentional and willful conduct, Plaintiff has suffered severe emotional distress and mental anguish, embarrassment, humiliation and loss of standing in the community, and will continue to so suffer in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of the Plaintiff in an amount that will adequately and fully compensate the Plaintiff for his injuries and damages so wrongfully sustained.

## COUNT II: GROSS NEGLIGENCE

20. Plaintiff hereby realleges and incorporates paragraphs 1 through 19 above.

21. Defendant ANTHONY ABDALLAH was grossly negligent in the use of his police car to apprehend the Plaintiff by virtue of his using excessive and unnecessary deadly force in striking Plaintiff with his police car.

22. Defendant ANTHONY ABDALLAH's actions constituted intentional conduct or conduct so reckless as to demonstrate a substantial lack of concern for whether Plaintiff would suffer an injury.

23. Defendant ANTHONY ABDALLAH's conduct constitutes gross negligence as defined by MCL 691.1407, and thus Defendants ANTHONY ABDALLAH and CITY OF INKSTER are not immune from liability for their actions and/or omissions.

4

24.     As a direct and proximate result of the aforementioned intentional and/or reckless conduct, Plaintiff has suffered severe and debilitating injuries as stated previously herein.

25.     As a further direct and proximate result of the aforementioned intentional and reckless conduct, Plaintiff has suffered severe emotional distress and mental anguish, embarrassment, humiliation and loss of standing in the community, and will continue to so suffer in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of the Plaintiff in an amount that will adequately and fully compensate the Plaintiff for his injuries and damages so wrongfully sustained.

## COUNT III: DEPRIVATION OF CIVIL RIGHTS

26.     Plaintiff hereby realleges and incorporates paragraphs 1 through 25 above.

27.     That pursuant to 42 U.S.C. Section 1983:

> *Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit and equity, or other proper proceeding for redress.*

28.     This action arises under the United States Constitution, particularly under the provision of the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, and under the Constitution of the State of Michigan, Article 1, Section II.

5

29.     Defendants ANTHONY ABDALLAH and CITY OF INKSTER are persons within the meaning of 42 U.S.C. Section 1983.

30. Upon information and belief, Defendant, CITY OF INKSTER, had certain policies, rules and regulations concerning the use of deadly force in apprehending suspects, and Defendant's law enforcement officers underwent training in said police procedures that its law enforcement officers are mandated to follow.

31.     That Defendant, CITY OF INKSTER, has recklessly and intentionally failed to train its law enforcement officers in proper arrest procedures including the use of deadly force in apprehending suspects and/or had in place policies, rules, regulations and procedures authorizing the use of deadly force in violation of Plaintiff CHRISTOPHER TAYLOR'S civil rights.

32.     Defendants ANTHONY ABDALLAH was, at all times relevant to this action, acting under color of Michigan statute, ordinance, regulations, custom and usage within the meaning of 42 U.S.C. Section 1983, when he used excessive and unnecessary deadly force in apprehending Plaintiff CHRISTOPHER TAYLOR and was under the direction, support, knowledge and authority of the Defendant CITY OF INKSTER.

33.     Prior to the commission of the excessive and unnecessary deadly force to deprive Plaintiff CHRISTOPHER TAYLOR of equal protection under the laws and of equal privileges and immunities under the laws, Defendant ANTHONY ABDALLAH knew of the existence of the intended excessive and unnecessary deadly force upon Plaintiff.

34.     Defendant ANTHONY ABDALLAH knew that the he was about to engage in excessive and unnecessary deadly force upon Plaintiff.

6

35.     Defendant ANTHONY ABDALLAH possessed the power to prevent the commission of the excessive and unnecessary deadly force, and accordingly owed a duty to Plaintiff to prevent and/or attempt to prevent the commission of such excessive and unnecessary deadly force.

36.     Notwithstanding such knowledge and power, Defendant ANTHONY ABDALLAH breached his duties by neglecting, failing and refusing to prevent, aid in preventing or attempt to prevent the commission of excessive and unnecessary deadly force upon Plaintiff.

37.     The conduct of Defendant ANTHONY ABDALLAH deprived Plaintiff of the following rights, privileges and immunities secured by the Constitution of the United States:

        (a)     The right of Plaintiff not to be deprived of life, liberty or property without due process of law secured by the Fourteenth Amendment to the Constitution of the United States.

        (b)     The right of Plaintiff not to be subjected to unreasonable search and seizure provided by the Fourth Amendment to the Constitution of the United States.

        (c)     The right of Plaintiff to be guaranteed equal protection under the laws secured by the Fourteenth Amendment to the Constitution of the United States.

38.     By reason of the conduct of Defendant ANTHONY ABDALLAH in using excessive and unnecessary deadly force in apprehending the Plaintiff by striking him with the police car, Plaintiff was subject to unreasonable seizure in violation of the 14th Amendment.

39.     The acts, conduct and behavior of Defendant ANTHONY ABDALLAH were performed knowingly, intentionally and with reckless disregard of Plaintiff's safety and continued life, and Defendant, CITY OF INKSTER, by having in place policies and procedures authorizing the use of deadly force or in the alternative, by failing to adequately educate and train its law enforcement officers against the use of deadly force while apprehending suspects,

thus ratified and impliedly approved of said conduct, therefore, Plaintiff is entitled, by virtue of 42 U.S.C. Section 1983, to compensatory damages in whatever amount in excess of Twenty Five Thousand ($25,000.00) Dollars which is found to be fair and just, and by virtue of 42 U.S.C. Section 1988, and to punitive damages in an amount in excess of Twenty Five Thousand ($25,000.00) Dollars.

WHEREFORE, Plaintiff (1) respectfully requests that this Honorable Court enter judgment for compensatory damages against the Defendant ANTHONY ABDALLAH and CITY OF INKSTER, jointly and severally, in whatever amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which Plaintiff is found to be entitled, plus interest, costs and attorney fees; and (2) Plaintiff respectfully requests that this Honorable Court enter judgment for punitive damages under 42 U.S.C. Section 1983 against the individual Defendant ANTHONY ABDALLAH in whatever amount in excess of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS which is found to be just.

### COUNT IV: NO-FAULT BENEFITS

40. Plaintiff hereby realleges and incorporates paragraphs 1 through 39 above.

41. That pursuant to the Michigan No-Fault Insurance Act, [MCLA 500.3114], Plaintiff CHRISTOPHER TAYLOR is entitled to personal injury protection benefits.

42. At the time of the incident, Plaintiff CHRISTOPHER TAYLOR was a pedestrian and was not living with any relative therefore, the insurance company of the owner of the motor vehicle is liable for the payment of Plaintiff CHRISTOPHER TAYLOR'S personal injury protection benefits.

8

43.     At all relevant times hereto, Defendant CITY OF INKSTER was the owner of

the police car which struck the Plaintiff and was self-insured.  Defendant ALTERNATIVE

SERVICE CONCEPTS, L.L.C. was its third party administrator.

44.     That on the above date and time, a no-fault policy was in effect.

45.     That as a direct and proximate result of that collision, the Plaintiff has suffered

damages and seeks all those benefits due and owing under the Michigan No-Fault Insurance

Act, including Personal Injury Protection Benefits as provided by MCLA 500.3101-500.3179 et.

seq., and including but not limited to the following:

> (a)     Allowable expenses consisting of all reasonable charges
> incurred for reasonably necessary products, nursing
> care, attendant care, medical services, and
> accommodations for an injured person's care, recovery,
> and rehabilitation;
>
> (b)     Loss of capacity to work and loss of income from work
> the Plaintiff would have performed during the first
> three years after the date of the accident;
>
> (c)     Replacement service expenses, not exceeding Twenty
> Dollars ($20) per day, reasonably incurred during the
> first three years after the date of the accident;
>
> (d)     Allowable expenses reasonably incurred, including all
> attorney fees expended in pursuing this cause of action.

46.     That Plaintiff gave proper notice to the Defendants CITY OF INKSTER

and/or ALTERNATIVE SERVICE CONCEPTS, L.L.C. as soon as practicable after the

collision, and has, in all things conformed to, observed all the articles, stipulations, and

conditions which on his/her part were to be observed and performed according to the policy.

47.     That Defendant willfully failed to provide Plaintiff CHRISTOPHER TAYLOR

with the personal injury protection benefits to which he is entitled under the Michigan No-Fault

Law.

48.    That Defendants CITY OF INKSTER and ALTERNATIVE SERVICE CONCEPTS, L.L.C. are, or may be determined during the course of this litigation, to be without cause or justification in failing to pay full benefits to which Plaintiff is justly entitled, and that Plaintiff may recover penalty interest and attorney's fees under the Michigan No-Fault Act, MCL 500.3142 and MCL 500.3148.

WHEREFORE, Plaintiff requests Judgment against the Defendants, for whatever amount above Twenty-Five Thousand Dollars ($25,000.00) he is deemed to be entitled, together with costs, interest and attorney fees.

Respectfully submitted,

COCHRAN FOLEY AND ASSOCIATES, P.C.
BY: TERRY L. COCHRAN, P35890
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan 48154
(734) 425-2400

Dated: April 12, 2005

10

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHRISTOPHER R. TAYLOR,

        Plaintiff,

vs.

05-511240 NF  4/15/2005
JDG:SUSAN D BORMAN
TAYLOR CHRISTOPHER R
vs
INKSTER CITY OF

CITY OF INKSTER, a Municipal
Corporation, OFFICER ANTHONY
ABDALLAH Badge #749, And ALTERNATIVE
SERVICE CONCEPTS, L.L.C., Jointly and Severally,

        Defendants.

_____/

COCHRAN FOLEY AND ASSOCIATES, P.C.
BY: TERRY L. COCHRAN, P35890
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan 48154
(734) 425-2400

_____/

## JURY DEMAND

    **NOW** COMES the above named Plaintiff, Christopher Taylor, by and through

counsel, Cochran, Foley & Associates, P.C., and hereby demands trial by jury.

COCHRAN FOLEY AND ASSOCIATES, P.C.
BY: TERRY L. COCHRAN, P35890
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan 48154
(734) 425-2400

Dated: April 19, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIV**

CHRISTOPHER R. TAYLOR,

    Plaintiff,

vs.

CITY OF INKSTER, a Municipal Corporation,
OFFICER ANTHONY ABDALLAH Badge #749,
And ALTERNATIVE SERVICE CONCEPTS, L.L.C.,
Jointly and Severally,

    Defendants.

```
JUDGE : Edmunds, Nancy G.
DECK  : S. Division Civil Deck
DATE  : 05/24/2005 @ 13:20:12
CASE NUMBER : 2:05CV72060
REM TAYLOR V. CITY OF INKSTER
(KC)
```

**Wayne County Circuit Court**
**Case No: 05-511240-NF**
**Honorable Susan D. Borman**

TERRY L. COCHRAN (P35890)
Attorney for Plaintiff
15510 Farmington Road
Livonia, MI 48154
(734) 425-2400

MICHAEL D. CROW (P 51538)
Attorney for Defendants City of Inkster and
Alternative Service Concepts, L.L.C. Only
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                       ) ss
COUNTY OF OAKLAND  )

        MICHAEL D. CROW, first being duly sworn, deposes and states that on the 24th day of May,

2005, he served a true copy of the within Civil Cover Sheet, Notice of Filing of Removal, Petition for

Removal, Affidavit of Filing Notice of Removal In State Court and Proof of Service, upon:

               TERRY L. COCHRAN (P35890)
               Attorney for Plaintiff
               15510 Farmington Road
               Livonia, MI 48154

by depositing same in the United States mail with postage fully prepaid thereon and by having a runner hand deliver a copy to the **CIVIL CLERK OF THE COURT, WAYNE COUNTY CIRCUIT COURT, Two Woodward Avenue, Detroit, Michigan 48226.**

MICHAEL D. CROW

Subscribed and sworn to before me this
24th day of May, 2005

Gayle B. Placinto, Notary Public
Macomb Acting in Oakland County, Michigan
My Commission Expires: 2/06/09

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

Taylor

(b) County of Residence of First Listed:   Wayne

(c) Attorneys (Name, Address and Telephone Number):
TERRY L. COCHRAN (P 35890)
Attorney for Plaintiff
15510 Farmington Road
Livonia, MI 48154-2854
(734) 425-2400

## DEFENDANTS

City of Inkster, et al    05 - 72060

County of Residence of First Listed:   Wayne
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE LAND INVOLVED

Attorneys (If Known)
MICHAEL D. CROW (P 51538)
Attorney for Defendants City of Inkster,
Alternative Service Concepts, LLC, etc.
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

## II. BASIS OF JURISDICTION
(Place an "X" in One Box Only)

☐ 1 U.S. Government
      Plaintiff

☒ 3 Federal Question
      (U.S. Government Not a Party)

☐ 2 U.S. Government
      Defendant

☐ 4 Diversity  (Indicate Citizenship
      of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box
for Plaintiff and One Box for Defendant
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business in this State | | ☐ 4 ☐ |
| Citizen of Another | ☐ 2 | ☐ 2 | Incorporated or Principal of Business in another State | | ☐ 5 ☐ |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 ☐ |

## IV. NATURE OF SUIT (Place an "X" in ONE BOX Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal | ☐ 400 State |
| ☐ 120 Marine | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | Reapportionment |
| ☐ 130 Miller Act | ☐ 310 Airplane | ☐ 625 Drug Related | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable | ☐ 315 Airplane Product | Seizure of Property | | ☐ 430 Banks and Banking |
| Instrument | Liability | 21: 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Over- | ☐ 320 Assault, Libel and | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| Payment and | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer |
| Enforcement of | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Influenced & |
| Judgment | Liability | ☐ 660 Occupational | ☐ 840 Trademark | Corrupt Org. |
| ☐ 151 Medicare Act | ☐ 340 Marine | Safety/Health | | ☐ 810 Selective Service |
| ☐ 152 Recovery of | ☐ 345 Marine Product Liab. | ☐ 690 Other | | ☐ 850 Securities/ |
| Defaulted Student | ☐ 350 Motor Vehicle | | **SOCIAL SECURITY** | Commodities/ |
| Loans (Excl. | ☐ 355 Motor Vehicle Prod. | **LABOR** | | Exchange |
| Veterans) | Liability | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Over- | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor | ☐ 862 Black Lung (923) | 12 USC 3410 |
| Payment of | ☐ 362 Personal Injury – | Standards Act | ☐ 863 DIWC/DIWW | ☐ 891 Agriculture Acts |
| Veteran's Benefits | Med. Malpractice | ☐ 720 Labor/Mgmt. | (405(g)) | ☐ 892 Economic |
| ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury – | Relations | ☐ 864 SSID Title XVI | Stabilization Act |
| ☐ 190 Other Contract | Product Liability | ☐ 730 Labor/Mgmt. | ☐ 865 RSI (405(g)) | ☐ 893 Environmental |
| ☐ 195 Contract Product | ☐ 368 Asbestos Personal | Reporting & | | Matters |
| Liability | Injury Product Liab. | Disclosure Act | | ☐ 894 Energy Allocation |
| | | ☐ 740 Railway Labor Act | **FEDERAL TAX** | Act |
| **REAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 790 Other Labor | **SUITS** | ☐ 895 Freedom of |
| | ☐ 370 Other Fraud | Litigation | | Information Act |
| | ☐ 371 Truth in Lending | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. | ☐ 900 Appeal of Fee |
| ☐ 210 Land Condemnation | ☐ 380 Other Personal | Security Act | Plaintiff or | Determination |
| ☐ 220 Foreclosure | Property Damage | | Defendant | Under Equal |
| ☐ 230 Rent Lease & | ☐ 385 Property Damage | **PRISONER PETITIONS** | ☐ 871 IRS—Third-Party | Access to Justice |
| Ejectment | Product Liability | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | | ☐ 510 Motions to Vacate | | State Statues |
| ☐ 245 Tort Product Liab. | **CIVIL RIGHTS** | Sentence | | ☐ 890 Other Statutory |
| ☐ 290 All Other Real Prop. | | Habeas Corpus: | | Actions |
| | ☐ 441 Voting | ☐ 530 General | | |
| | ☐ 442 Employment | ☐ 535 Death Penalty | | |
| | ☐ 443 Housing/ | ☐ 540 Mandamus & Other | | |
| | Accommodations | ☐ 550 Civil Rights | | |
| | ☐ 444 Welfare | ☐ 555 Prison Condition | | |
| | ☒ 440 Other Civil Rights | | | |

PLACE AN "X" IN ONE BOX ONLY

**V. ORIGIN**

☐ 1 Original Proceeding , ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Another District (specify) Transferred from ☐ 6 Multi-district Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   $ DEMAND   CHECK YES only if demanded in complaint: JURY DEMAND ☒ yes ☐ no

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE: N/A   DOCKET NUMBER:

Date:  May 23, 2005   Attorney of Record:  Michael D. Crow (P 51538)   *Michael D. Crow*

## PURSUANT TO LOCAL RULE 83.11

1.   Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No: _____

Judge: _____

2.   Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court?  (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No: _____

Judge: _____

Notes: